**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pierre Smith, | No. CV-21-00262-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Hiedi Haight Biehler, et al., | |
| Defendants. | |

Plaintiff Pierre Smith filed his one-count First Amended Complaint ("FAC") in the above-entitled action on January 6, 2022, asserting an Eighth Amendment claim for deficient medical care pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 17.) In a Screening Order filed on March 14, 2022, the Court ordered Defendants Biehler, Bass, and Howard to answer the FAC; ordered Plaintiff to complete and return service packets to the Clerk of Court to allow the United States Marshal to provide service of process; and warned Plaintiff that this action may be dismissed as to any defendant not served within the later of 90 days of the filing of the FAC or 60 days of the filing of the Court's Screening Order. (Doc. 18.)

The United States Marshal was unable to successfully execute service on Defendants Biehler and Howard because they were not located at the address provided by Plaintiff. (Docs. 21, 22.) In detainee track cases, such as this one, a defendant must be served within the period set forth in Rule 4(m) of the Federal Rules of Civil Procedure or 60 days from the date a service order is filed, whichever is longer. LRCiv.

16.2(b)(2)(B)(ii). Pursuant to Federal Rule of Civil Procedure 4(m), the Court must dismiss an action without prejudice against any defendant who is not timely served. However, if the plaintiff shows good cause for the failure to timely effectuate service, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Although "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint," it is still the plaintiff's responsibility to "provide[] the necessary information to help effectuate service[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

More than 90 days have elapsed since the filing of Plaintiff's FAC and more than 60 days have elapsed from the filing of this Court's Screening Order. Due to Plaintiff's failure to provide addresses at which Defendants Biehler and Howard can be located, neither Defendant Biehler nor Defendant Howard has been served. Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed as to Defendants Biehler and Howard for failure to timely effect service.

The United States Marshal filed a Process Receipt and Return indicating that service on Defendant Bass was successfully executed on April 22, 2022, via acceptance of the Summons by legal assistant Lorri Mitchell. (Doc. 20.) A United States employee "sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint . . . within 60 days after service" on the employee. Fed. R. Civ. P. 12(a)(3). To date, Defendant Bass has not filed a notice of appearance or responded to Plaintiff's FAC. Plaintiff has not moved for entry of default or default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. The last time Plaintiff filed a pleading or other document in this case was more than six months ago, when he filed his FAC on January 6, 2022.

Plaintiff has the general duty to prosecute this case. *Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). The Court has the power to dismiss an action for failure to prosecute, either under Rule 41(b) of the Federal Rules of Civil Procedure, Local Rule 41.1, or pursuant to its inherent authority. *See* Fed. R. Civ.

P. 41(b) (action may be dismissed if plaintiff fails to prosecute); LRCiv 41.1 ("cases which have had neither proceedings nor pleadings, notices, or other documents filed for six (6) or more months may be dismissed by the Court for want of prosecution"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) ("A court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41(b) and under its local rule . . . and even in the absence of such rules."). In determining whether to dismiss a case for lack of prosecution, the Court must weigh five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The Court will order Plaintiff to show cause why this action should not be dismissed as to Defendant Bass for lack of prosecution.

Plaintiff is warned that if he fails to respond to this Order, or if his response does not show good cause for an extension of the time limit for service under Rule 4(m) of the Federal Rules of Civil Procedure and for his failure to prosecute, this action may be dismissed.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that within **twenty (20) days** of the date this Order is filed, Plaintiff shall file a response showing cause (1) why this action should not be dismissed as to Defendants Biehler and Howard for failure to timely effect service, and (2) why this action should not be dismissed as to Defendant Bass for lack of prosecution. Failure to timely file a response establishing good cause may result in the dismissal of this action.

Dated this 22nd day of July, 2022.

_____
Honorable Rosemary Márquez
United States District Judge