**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pierre Smith, | No. CV-21-00262-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Hiedi Haight Biehler, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Remedial Order (Doc. 31) and Application for Entry of Default (Doc. 32). Also pending is Defendant Bass's Motion to Extend Time to Respond to Complaint. (Doc. 33.)

**I.     Motion for Remedial Order**

On August 22, 2022, the Court directed the Clerk of Court to mail Plaintiff two blank subpoenas, as well as a service packet including the First Amended Complaint, the Court's Screening Order, the August 22, 2022 Order, and summons forms for Defendants Biehler and Howard. (Doc. 28 at 4.) In his Motion for Remedial Order, Plaintiff states that he received the blank subpoenas but did not receive the service packets. (Doc. 31.)

The records of the Clerk of Court indicate that the blank subpoenas were mailed to Plaintiff on August 22, 2022, and the service packets were separately mailed to Plaintiff on the same date. Because the information before the Court indicates that the Clerk mailed both the blank subpoenas and the service packets, Plaintiff's Motion for Remedial Order will be denied without prejudice. Plaintiff may re-file the Motion if he still has not

received the service packets.

## II. Application for Entry of Default

Plaintiff seeks entry of default against Defendant Bass pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 32.) Defendant Bass filed an Objection, arguing that her deadline for responding to Plaintiff's First Amended Complaint ("FAC") has not yet expired. (Doc. 34.)

"To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf" a party must serve not only the officer or employee but also the United States. Fed. R. Civ. P. 4(i)(3). To serve the United States, the party must, in relevant part, send a copy of the summons and complaint by certified mail to the civil process clerk at the United States Attorney's Office and to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). "A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint . . . within 60 days after service on the officer or employee or service on the United States attorney, whichever is later." Fed. R. Civ. P. 12(a)(3).

On March 14, 2022, the Court issued a Service Order that directed the U.S. Marshal to personally serve Defendant Bass and directed the Clerk of Court to send by certified mail a copy of the Summons, FAC, and Service Order to the Office of the United States Attorney for the District of Arizona and the Attorney General of the United States. (Doc. 18 at 5-6.) The United States Marshal filed a Process Receipt and Return indicating that service on Defendant Bass was successfully executed on April 22, 2022, via acceptance of the Summons by legal assistant Lorri Mitchell. (Doc. 20.) However, there was no indication on the docket or in the Clerk of Court's records showing that the Clerk of Court mailed a copy of the Summons, FAC, and Service Order to the United States Attorney's Office or the Attorney General of the United States. Accordingly, as noted in an Order issued on August 22, 2022, the Court later re-directed the Clerk of

Court to mail a copy of the Summons, FAC, and Service Order in compliance with the March 14, 2022 Order. (*See* Doc. 28 at 3 n.1.) The docket reflects that the civil process clerk for the United States Attorney's Office and the Attorney General received the Summons, FAC, and Service Order on August 22, 2022. (Docs. 29, 30.)

Because Defendant Bass was not fully served until the receipt of the Summons and FAC by the United States Attorney's Office and Attorney General on August 22, 2022, Defendant Bass's 60-day deadline for answering or otherwise responding to Plaintiff's FAC did not begin to run until that date. *See* Fed. R. Civ. P. 12(a)(3). Accordingly, Defendant Bass is not in default, and the Court will deny Plaintiff's Application for Entry of Default.

**III.   Motion to Extend Time to Respond to Complaint**

Defendant Bass asks the Court to extend her deadline for responding to the FAC until 60 days after Defendants Biehler and Howard have been served and representation of those Defendants by a Department of Justice attorney has been decided. (Doc. 33.) Defendant Bass argues that the requested extension will avoid duplicative pleadings, as it will allow all Defendants to respond to the FAC in a consolidated manner. (*Id.* at 2.) Counsel for Defendant Bass also avers that she has multiple litigation demands in other cases. (*Id.*)

The Court agrees with Defendant Bass that allowing all Defendants to respond to the FAC in a consolidated manner is judicially efficient. However, because it is unclear when and if Plaintiff will locate, via the issuance of subpoenas, appropriate addresses for Defendants Biehler and Howard,[1] the Court also finds that extending Defendant Bass's deadline for responding to the FAC in the manner requested in her Motion could potentially cause significant delay in these proceedings. Accordingly, to expedite these proceedings, the Court will order Defendant Bass to file the current work addresses of

---

[1] The United States Marshal filed Process Receipts and Returns indicating that service on Defendants Biehler and Howard could not be executed because neither Defendant was located at the address provided by Plaintiff. (Docs. 21, 22.) The Court accordingly directed the Clerk of Court to mail Plaintiff two blank subpoenas to assist Plaintiff in locating addresses at which service upon Defendants Biehler and Howard can be successfully executed. (Doc. 28.)

Defendants Biehler and Howard or, alternatively, to file under seal the last-known home addresses of Defendants Biehler and Howard. With that condition, the Court will grant Defendant Bass's request to extend her deadline for responding to the FAC.

**IT IS ORDERED** that Plaintiff's Motion for Remedial Order (Doc. 31) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Entry of Default (Doc. 32) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Time to Respond to Complaint (Doc. 33) is **granted**. Defendant Bass's deadline for answering or otherwise responding to Plaintiff's First Amended Complaint (Doc. 17) is extended until **sixty (60) days** after Defendants Biehler and Howard have been served and representation of those Defendants by a Department of Justice attorney has been decided.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date this Order is filed, Defendant Bass shall file the current work addresses of Defendants Biehler and Howard or, alternatively, shall file under seal the last-known home addresses of Defendants Biehler and Howard.

Dated this 13th day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge