JAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pierre Smith, | No. CV-21-00262-TUC-RM |
| Plaintiff, | |
| v. | **ORDER** |
| Hiedi Haight Biehler, et al., | |
| Defendants. | |

Plaintiff Pierre Smith, who was formerly confined in the Federal Correctional Institution-Tucson but is no longer in custody, brought this pro se civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants Medical Director Heidi Haight Biehler,[1] Health Services Administrator Bass, and Warden C. Howard have filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 43.) Plaintiff was informed of his rights and obligations to respond (Doc. 44), and he opposes the Motion (Doc. 45). Defendants filed a Reply. (Doc. 46.) For the following reasons, the Court will deny Defendants' Motion to Dismiss.

**I.   Background**

In the First Amended Complaint, Plaintiff asserts claims regarding his medical care and seeks money damages. (Doc. 17.) On screening pursuant to 28 U.S.C. § 1915A(a),

---

[1] Defendant Haight Biehler's first name is misspelled in the docket. The Court will direct the Clerk of Court to update the docket to reflect the correct spelling of Defendant's first name, "Heidi."

the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants and directed them to answer the claims. (Doc. 28.)

## II. Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may,

however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

A Rule 12(b)(6) motion to dismiss is almost never an appropriate response when the Court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendants to respond. The standard for dismissal under Rule 12(b)(6) is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss should be granted only if the defendants can convince the Court that reconsideration is appropriate. Reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**III. Discussion**

    **A.  Reconsideration of Screening Order**

The Court issued its Order screening the First Amended Complaint on March 14, 2022. The Supreme Court decided *Egbert v. Boule*, 142 S. Ct. 1793 (2022), on June 8, 2022. *Egbert* refined the inquiry established in *Ziglar v. Abbasi*, 582 U.S. 120 (2017), but it did not overrule *Ziglar*. In any event, as discussed below, even if *Egbert* is viewed as a change in controlling law warranting consideration of the Motion for Reconsideration, the Motion should be denied.

    **B.  Plaintiff's Allegations**

Plaintiff suffers from "Ank[ylo]sing Spondylitis/Fibromyalgia," an incurable autoimmune disease that causes him excruciating, unrelenting pain. While Plaintiff was confined at the United States Penitentiary (USP)-Terre Haute, his pain was successfully treated with an infusion treatment therapy called Remicade. Plaintiff received this therapy through a port-a-catheter from early 2018 until November 2019. Plaintiff's port-a-catheter

eventually failed, but it was replaced on December 23, 2019, at a hospital in Terre Haute, in accordance with a plan to continue Plaintiff's infusion treatments.

Following Plaintiff's transfer to USP-Tucson on January 12, 2020, he did not receive any Remicade treatments, despite an outside provider's issuance of three separate orders for such treatments—one dated May 14, 2020, one dated May 13, 2021, and one dated December 16, 2021. Plaintiff did not receive any form of pain management or treatment for fourteen months, and his port-a-catheter was never flushed during that time.

**C.   Analysis**

Since the Supreme Court decided in *Bivens* that a plaintiff could seek damages for a violation of the Fourth Amendment prohibition on illegal searches and seizures, 403 U.S. at 396-97, it has only recognized the availability of a *Bivens* remedy in two other cases—*Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980). *Davis* involved an administrative assistant's claim that a Congressman had discriminated against her because of her gender, in violation of the Fifth Amendment's Due Process Clause. *Davis*, 442 U.S. at 230-31, and *Green* dealt with an Eighth Amendment claim against federal prison officials for failing to treat plaintiff's asthma. *Green*, 446 U.S. at 16-18. "These three cases . . . represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 582 U.S. at 131; *see also Egbert*, 142 S. Ct. at 1799.

Although the Supreme Court has not "dispense[d] with *Bivens* altogether," it has "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert*, 142 S. Ct. at 1803 (quoting *Ziglar*, 582 U.S. at 135). In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed: a court first must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases, and, if so, a court must then apply a "special factors analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Ziglar*, 582 U.S. at 135-36, 138-40.

In *Egbert*, the Court stated that these steps "often resolve to a single question:

whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. In such situations, a court need only ask "whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'" *Id.* at 1804 (quoting *Bush v. Lucas*, 462 U.S. 367, 388 (1983)). "When an issue 'involves a host of considerations that must be weighed and appraised,' it should be committed to 'those who write the laws' rather than 'those who interpret them.'" *Id.* (quoting *Bush*, 462 U.S. at 380). And a court "may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert*, 142 S. Ct. at 1804 (quoting *Ziglar*, 582 U.S. at 137). "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id.* at 1804 (quoting *Ziglar*, 582 U.S. at 137). Even if the alternative remedies are not as effective as a *Bivens* remedy would be, the Court cannot "second-guess" Congress by "superimposing a *Bivens* remedy." *Id.* at 1807.

The decision in *Egbert* does not foreclose Plaintiff's claim here. Plaintiff's claim and the claim in *Carlson* are based on the same constitutional right: prisoners' Eighth Amendment right to be free from cruel and unusual punishment. And the nature of Plaintiff's claim and the claim in *Carlson* is that prison medical providers failed to adequately treat prisoners' serious medical needs. Multiple district courts in the Ninth Circuit have concluded that a federal prisoner's claim arose in the same context as *Carlson* where the prisoner alleged that prison officials had failed to provide adequate treatment for a serious medical condition. *See*, *e.g.*, *Feao v. Ponce*, No. CV-20-06016-DMG (KSx), 2023 WL 3213553, at *11 (C.D. Cal. Mar. 3, 2023) (concluding that Eighth Amendment medical care claim was not meaningfully different from the claim in *Carlson* where plaintiff alleged long-term mismanagement of care for a serious condition); *Ibuado v. Federal Prison Atwater*, No. 1:22-cv-00651-AWI-BAM (PC), 2023 WL 2312395, at *4 (E.D. Cal. Mar. 1, 2023 (concluding that Eighth Amendment medical care claim regarding

denial of treatment for side effects of prescribed medication did not present a new *Bivens* context); *Dinkins v. United States*, No. 2:21-cv-08942-CAS (KES), 2022 WL 16735362, at *6 (C.D. Cal. Aug. 19, 2022), *report and recommendation adopted*, 2022 WL 15525746 (C.D. Cal. Oct. 27, 2022) (concluding that Eighth Amendment claim based on federal prison officials' alleged failure to provide proper medical care for prisoner's sinus blockage did not meaningfully differ from *Carlson*). Thus, the Court concludes Plaintiff's Eighth Amendment medical care claim does not extend *Bivens* in a new context and will deny Defendants' Motion to Dismiss.

**IT IS ORDERED:**

(1) The Clerk of Court **must update** the docket to reflect the correct spelling of Defendant Haight Biehler's first name as "Heidi."

(4) Defendants' Motion to Dismiss (Doc. 43) is **denied**.

Dated this 20th day of September, 2023.

_____
Honorable Rosemary Márquez
United States District Judge